677 So.2d 84 (1996)
BEE BEE MEDICAL CENTER, INC., and Alan Feldman, Appellants,
v.
STRATEGIC CONSULTING AND MANAGING, INC., Appellee.
No. 94-02991.
District Court of Appeal of Florida, Second District.
July 19, 1996.
Bennett S. Cohn of Law Office of Bennett S. Cohn, West Palm Beach, for Appellants.
Kenneth G. Spillias of Law Office of Kenneth G. Spillias, P.A., West Palm Beach, for Appellee.
BLUE, Judge.
Bee Bee Medical Center, Inc., and Alan Feldman appeal the trial court's order setting aside the clerk's certificate of redemption after they paid the judgment amount but before attorney's fees and costs had been assessed. Because we conclude that Bee Bee and Feldman properly exercised their right of redemption, we reverse.
Strategic Consulting and Managing, Inc., filed a foreclosure action and a summary final judgment of foreclosure was entered in its favor in the amount of $125,000 plus interest. The final judgment reserved jurisdiction to award attorney's fees and costs. The day before the foreclosure sale, Bee Bee and Feldman paid $142,765.07 to the clerk of the court, who issued a certificate of redemption on their behalf.
Strategic filed an "Emergency Motion To Stay Issuance Of A Satisfaction Of The Final Judgment, For Amendment Of The Summary Final Judgment And To Reschedule Foreclosure Sale." The motion asserted that Bee Bee and Feldman had tendered only the principal and interest due but did not include attorney's fees and costs. The trial court granted Strategic's motion, holding that Bee Bee and Feldman did not properly exercise their right of redemption. The trial court set aside the clerk's certificate of redemption and rescheduled the foreclosure sale.
Under section 45.0315, Florida Statutes (1993), a mortgagor may exercise redemption *85 rights at any time before the clerk's filing of a certificate of sale "by paying the amount of moneys specified in the judgment, order, or decree of foreclosure." Alternatively, if no judgment has been entered, the statute provides for redemption by a tender of the performance due plus reasonable expenses and attorney's fees. In this case, Bee Bee and Feldman paid the amount specified in the judgment, and therefore, properly exercised their right of redemption under the statute. Bee Bee and Feldman should not be prevented from exercising their redemption rights due to Strategic's failure to include the fees and costs in the judgment. We conclude that the trial court erred in setting aside the certificate of redemption and, accordingly, we reverse.
RYDER, A.C.J., and LAZZARA, J., concur.