751 So.2d 655 (1999)
Michael D. PARSONS, and Michael P. DeFalco, Appellants,
v.
WHITAKER PLUMBING OF BOCA RATON, INC., Appellee.
No. 98-3139.
District Court of Appeal of Florida, Fourth District.
December 29, 1999.
Michael D. Parsons, and Michael P. De-Falco, Boca Raton, pro se.
No brief filed for appellee.
GROSS, J.
Appellee Whitaker Plumbing of Boca Raton, Inc. ("Whitaker") filed an action against appellants Michael Parsons and Michael DeFalco to foreclose on a mechanic's lien for plumbing work performed on appellants' property. On March 24, 1998, the trial court entered a final judgment of foreclosure finding that Whitaker held a lien on appellants' property for $3,117.43, including interest and costs. In this judgment, the court reserved jurisdiction to award attorney's fees.
On April 22, 1998, appellants exercised their statutory right of redemption by paying the total amount due under the March 24 final judgment of foreclosure, plus a clerk's fee. The clerk issued a certificate of redemption, and canceled the previously scheduled sale.
On August 6, 1998, after hearing Whitaker's motion for attorney's fees, the court entered an amended final judgment of foreclosure, awarding Whitaker $12,000 in attorney's fees and setting a foreclosure sale to satisfy this debt. Appellants argued that this amended final judgment was improper, in light of their April, 1998 redemption of the property. The trial court overruled this objection. We affirm.
Appellants urge this court to reverse based upon Bee Bee Medical Center, Inc. v. Strategic Consulting & Managing, Inc., 677 So.2d 84 (Fla. 2d DCA 1996). In that case, the trial court entered a final judgment of foreclosure in favor of Strategic Consulting, the plaintiff in a mortgage foreclosure action. The final judgment *656 specified the amount due for principal and interest and reserved jurisdiction to award attorney's fees and costs. The day before the foreclosure sale, defendant Bee Bee Medical Center paid the amount of money set forth in the judgment to the clerk of the court, who issued a certificate of redemption to Bee Bee. Strategic filed an emergency motion seeking to set aside the certificate of redemption and reschedule the foreclosure sale; Strategic argued that Bee Bee had tendered only the principal and interest set forth in the final judgment, but did not pay anything towards attorney's fees and costs. The trial court granted the motion, set aside the certificate of redemption, and rescheduled the foreclosure sale. Bee Bee appealed. See id. at 84.
The second district reversed, holding that Bee Bee had properly exercised its right of redemption under section 45.0315, Florida Statutes (1993), which provided that at any time before the filing of a certificate of sale by the clerk,
the mortgagor ... may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure....
See id. at 84-85. Since no attorney's fees were "specified in the judgment," the mortgagor was not required to tender an amount for attorney's fees in order to redeem under the statute. Because Bee Bee had paid the amount specified in the judgment, the second district ruled that both the clerk's issuance of the certificate of redemption and the cancellation of the foreclosure sale were correct. See id. at 85. The effect of Bee Bee is that where a final foreclosure judgment reserves jurisdiction to assess attorney's fees, a defendant seeking to exercise the right of redemption need not tender an amount for attorney's fees in order to be entitled to redemption.
In a lien foreclosure action, section 45.0315 is made applicable by section 713.26, Florida Statutes (1999). However, Bee Bee does not control this case. Bee Bee focused on whether the defendant in a mortgage foreclosure action properly exercised its right of redemption when it tendered the principal and interest specified in the final judgment, but did not pay attorney's fees and costs, over which the judgment reserved jurisdiction. The court never reached the issue presented here: whether the trial court may enter a subsequent, amended final judgment of foreclosure for attorney's fees after a defendant has exercised a right of redemption as to the original final judgment, which liquidated principal and interest, but reserved jurisdiction over attorney's fees and costs.
Whitaker sought to foreclose a lien created by section 713.05, Florida Statutes (1999). In an action to foreclose such a lien,
the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal... in an amount to be determined by the court, which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions.
§ 713.29, Fla. Stat. (1999). Attorney's fees and costs awarded under section 713.29 are included within the lien created by section 713.05. See Zalay v. Ace Cabinets of Clearwater, Inc., 700 So.2d 15, 17-18 (Fla. 2d DCA 1997) (examining section 713.06(1)). Zalay held that section 713.29 attorney's fees are included within the lien created by section 713.06(1), Florida Statutes (1999). See id. at 18. The language creating the lien in section 713.05 is almost identical to the lien creating language in section 713.06(1). The reasons Zalay articulates for including section 713.29 attorney's fees within the section 713.06(1) lien are equally applicable to the lien at issue in this case, and we expressly adopt them.
Section 713.29 fees may properly be taxed after the entry of a final judgment in a lien foreclosure action. See NCN Elec., Inc. v. Leto, 498 So.2d 1377 (Fla. 2d DCA 1986). This rule makes *657 practical sense. Only the prevailing party is entitled to fees under section 713.29. The court's determination of attorney's fees after the lien foreclosure judgment avoids the necessity of both sides presenting evidence on fees at the initial trial, which is an "efficient expenditure of judicial and litigant time, money and effort." NCN Elec., 498 So.2d at 1378.
For these reasons we hold that the court's entry of the amended foreclosure judgment for attorney's fees was procedurally proper and correct in form. Appellants' exercise of their redemption rights as to the first judgment did not preclude the court from entering the second judgment. The redemption discharged only the debt specified in the original final judgment, and not the liability for attorney's fees, which remained unliquidated until August 6, 1998.
AFFIRMED.
STONE, J., and JULIAN, JOYCE A., Associate Judge, concur.