On Motions for Rehearing, Rehearing En Banc, Clarification & Certification as a Question of Great Public Importance

STEVENSON, C.J.
We grant the motion for rehearing, deny all other motions, withdraw our prior opinion, and substitute the following in its place. Appellant, Mortgage Electronic Registration Systems (MERS), appeals the trial court’s order finding that Everett and Joshlyn Daley (the Daleys) satisfied the final judgment of foreclosure and are bona fide purchasers of the property in question. We reverse because the Daleys failed to satisfy the foreclosure judgment pursuant to Florida Statutes section 701.04 and were not bona fide purchasers.
MERS was the holder of a recorded mortgage and the note the mortgage secured. Pursuant to the mortgage, the mortgagor was responsible for paying the taxes, insurance premiums, and amounts necessary to preserve the property. Ap-pellee, Victoria Mahler, had legal title to the property until she sold it to the Daleys in the midst of the foreclosure proceedings. The validity of the Daleys’ ownership is the subject of this lawsuit.
On January 9, 2003, MERS filed a mortgage foreclosure action against Mahler. The final judgment of foreclosure was for a sum of $213,986.73 plus,
subsequent interest at the statutory rate and such further costs as may be incurred by the Plaintiff in this action, including, but not limited to, the sale fee and publication of the Notice of sale, and any reasonable advances made by the Plaintiff subsequent to the date of execution of the Affidavit of Indebtedness filed in this action which are proper under the terms of the note and mortgage foreclosed herein.
Prior to the foreclosure sale, the trial court issued a “Satisfaction of Judgment by the Clerk of the Circuit Pursuant [to] Section 55.141” to the Daleys. On January 29, 2004, the trial court vacated the satisfaction because the amount paid did not equal the $230,540.90 to which MERS claimed it was entitled. The court further ordered the foreclosure sale if the additional $7,581.85 was not paid into the court regis *472 try. Following the sale, Synergy Investment Group, Incorporated, the successful bidder, requested the trial court determine the validity of its certificate of title.
The Daleys moved to intervene, alleging they were bona fide purchasers of the property because their closing agent utilized section 55.141, Florida Statutes, to satisfy the judgment after unsuccessfully attempting to obtain payoff information from MERS. The trial court found the Daleys were denied due process because MERS submitted its motion to vacate the satisfaction ex parte. The court vacated Synergy Investment Group’s certificates of sale and title and ordered the clerk to issue a new satisfaction of judgment in favor of the Daleys.
On appeal, MERS argues that section 55.141 is inapplicable to foreclosure judgments and that section 701.04, entitled “Cancellation of mortgages, liens, and judgments,” controls. We agree. Section 55.141(1) provides:
All judgments and decrees for the payment of money rendered in the courts of this state and which have become final, may be satisfied at any time prior to the actual levy of execution issued thereon by payment of the full amount of such judgment or decree, with interest thereon, plus the costs of the issuance, if any, of execution thereon into the registry of the court where rendered.
In contrast, section 701.04 directs the mortgagor to request in writing the amount of the unpaid principal balance and specifies the mortgagee’s duties after receiving the request and the amount satisfying the judgment. Section 55.141, by its very terms, applies to a judgment for “the payment of money.” A foreclosure judgment includes the payment of money, but also involves other rights and remedies intertwined with the subject property itself. See Fla. R. Civ. P. 1.996. Further, it is well-established that “ ‘a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in' more general terms.’ ” Stoletz v. State, 875 So.2d 572, 575 (Fla.2004) (quoting McKendry v. State, 641 So.2d 45, 46 (Fla.1994)).
Although the Daleys contend they requested payoff information, there was no evidence they made a written request in accordance with section 701.04. Furthermore, the amount the Daleys paid did not include compensation for all of the allotted expenses and advances provided for in the final judgment. Instead, as stated in the Satisfaction of Judgment, the Daleys’ closing agent calculated the amount owed to MERS by adding $213,786.73 to the amount of accrued interest. We therefore find the Daleys failed to satisfy the judgment.
The Daleys’ reliance on Bee Bee Medical Center, Inc. v. Strategic Consulting & Managing, Inc., 677 So.2d 84 (Fla. 2d DCA 1996), for the proposition that the additional costs were not part of the foreclosure judgment is misplaced. In that case, a final judgment of foreclosure was entered for $125,000 plus interest in favor of Strategic Consulting; the trial court reserved jurisdiction to award attorney’s fees and costs. Id. After Bee Bee Medical Center paid the clerk of court $125,000 plus interest to exercise its redemption rights under section 45.0315, Florida Statutes (1993),[1] the trial court stayed the issuance of the satisfaction because the amount paid did not include attorney’s fees *473 and costs. Id. The Second District reversed the lower court’s decision, finding the appellants satisfied the judgment by-paying the amount of the foreclosure judgment. Id. at 85. The court noted that the mortgagors should not be prevented from exercising their redemption rights due to the mortgagee’s failure to include fees and costs in the final judgment.
The instant case does not involve a mortgagor’s right of redemption under section 45.0315. Additionally, the foreclosure judgment here unequivocally authorized MERS to receive the additional costs and expenses incurred subsequent to the affidavit of indebtedness.
As a result of their knowledge of the foreclosure judgment, we hold the Daleys are not bona fide purchasers. To have qualified as bona fide purchasers, there must have been an absence of notice, either actual or constructive, that the foreclosure judgment included a sum greater than the total sum of $213,786.73 and the accrued interest. See Pearlman v. Nat’l Bank of New York City, 600 So.2d 5, 7 (Fla. 4th DCA 1992) (referencing Freedom Sav. & Loan Ass’n v. Horton, 553 So.2d 1335, 1336-37 (Fla. 1st DCA 1989)).
Based on the foregoing, we hold the trial court erred in finding that Everett and Joshlyn Daley were bona fide purchasers of the property, in reinstating the satisfaction of judgment, and in vacating the writ of possession, and the certificates of sale and title in favor of Synergy Investment Group. We hereby reverse the trial court’s order and remand this case to the trial court for further proceedings in accordance with this opinion.

Reversed and Remanded.

TAYLOR and HAZOURI, JJ., concur.

. Section 45.0315 provides "[a]t any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor ... may cure the mortgagor’s indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure....”