RAMIREZ, C.J.
Carole H. Verneret appeals the trial court’s final judgment entered against her for real property foreclosure, and the order denying both a motion to dismiss the complaint and a motion for satisfaction of judgment. We affirm the trial court’s final judgment of foreclosure because the order was discretionary and based on factual findings for which there was no abuse of discretion. We also affirm the order denying dismissal because the trial court found valid signatures on the mortgage, but reverse the trial court’s denial of the motion for satisfaction of judgment as there was a proper exercise of the right of redemption.
On May 4, 2000, Jean David Verneret executed a Home Equity Credit Line Revolving Loan Agreement with a credit limit of $15,000.00 in favor of Household Finance Corporation III. The agreement was secured by a mortgage executed and delivered to Household by Mr. Verneret for property located in the City of Miami. Carole H. Verneret purportedly signed the aforesaid mortgage; but she contends that her signature was forged and that she never knew about the mortgage until *891 Household requested payment. The mortgage was notarized as to both Mr. and Ms. Verneret’s signatures.
Mr. and Ms. Verneret owned the property as husband and wife. The couple divorced on November 13, 2001. The divorce incorporated a Marital Settlement Agreement that required Mr. Verneret to convey the property to Ms. Verneret via Quit Claim Deed, which he did on November 29, 2001.
On August 1, 2002, there was a default in the installment payment and all payments thereafter. On September 2, 2003, Foreclosure Advisors, LLC, purchased the note and mortgage from Household, and demanded the full amount due. On December 23, 2004, Foreclosure Advisors filed a notice of lis pendens with the county clerk. Ms. Verneret contends that the property being foreclosed is her homestead and that she received no benefit from the mortgage. Foreclosure Advisors contends that Ms. Verneret’s testimony is unreliable because she has listed multiple residences on various bank statements and has not disclosed her real income on her tax returns.
The trial court granted judgment in favor of Foreclosure Advisors for the note. The trial court held that Foreclosure Ad-visors shall recover from Ms. Verneret the sum of the mortgage, $14,847.20, plus $17,070.24 in interest and $700 in late payment fees, for a total of $32,617.44.
Thereafter, Ms. Verneret filed a motion to vacate the judgment on the grounds of unproven facts, but the trial court denied the motion. Ms. Verneret contends that she then satisfied the judgment when she sent a cashier’s check for $33,482.00 to Foreclosure Advisors’ counsel. Before doing so, Ms. Verneret appealed the trial court’s decision on February 6, 2009. During the pendency of the appeal, she asked this Court to relinquish jurisdiction for the filing of her Motion to Compel Acceptance. This Court relinquished jurisdiction on March 21, 2009, for thirty days. The trial court subsequently denied the motion.
“To the extent the trial court’s order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.” Colucci v. Kar Kare Auto. Group, Inc., 918 So.2d 431, 436 (Fla. 4th DCA 2006). Findings of fact by a trial judge in a nonjury proceeding will not be set aside on review unless totally unsupported by competent and substantial evidence. See Laufer v. Norma Fashions, Inc., 418 So.2d 437, 439 (Fla. 3d DCA 1982). See also Peacock v. Carver, 315 So.2d 214 (Fla. 1st DCA 1975) (final judgment of trial court reaches district court of appeal with a presumption of correctness and may not be reversed if there is competent evidence in the record to support such judgment).
Ms. Verneret alleges that she did not sign the mortgage; however, the mortgage was notarized as to both Ms. and Mr. Verneret’s signatures. When fraud is alleged, proof of it must be of the clearest, strongest, and most convincing character. See Smith v. McEwen, 119 Fla. 588, 161 So. 68, 71 (1935). Further, “[a]s a matter of evidence, the testimony of the parties alone is not to be regarded as legally satisfactory and sufficient to overthrow a prima facie valid certificate or acknowledgment to a deed or mortgage purporting to have been executed and acknowledged by such parties in accordance with law.” Id. Ms. Verneret only offered her self-serving testimony, which the trial court found was not credible. The trial court determined that Ms. Verneret’s signature was indeed authentic and thus, the mortgage was valid and in default. Accordingly, the complaint *892 was sufficient to state a cause of action against Ms. Verneret for foreclosure of the property. For the aforementioned reasons, this Court affirms the trial court’s final judgment of foreclosure and decision to deny Ms. Verneret’s motion to dismiss the complaint.
This Court, however, reverses the trial court’s denial of Ms. Verneret’s motion for satisfaction of judgment. Under section 45.0815, Florida Statutes (2004), Foreclosure Advisors was obligated to accept the tendered payment pursuant to the final judgment. Section 45.0315 provides in part:
At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor’s indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure....
A mortgagor need not obtain the trial court’s permission in order to exercise a right of redemption; the mortgagor can pay the amount due by tender to either the mortgagee or the clerk of the court. See Saidi v. Wasko, 687 So.2d 10, 12 (Fla. 5th DCA 1996). As stated in the final judgment, Ms. Verneret’s right to redeem would have expired if the clerk filed a certificate of sale. However, since Ms. Verneret tendered a check to Foreclosure Advisors, her right to redeem had not yet expired.
In Bee Bee Medical Center, Inc. v. Strategic Consulting & Managing, Inc., 677 So.2d 84 (Fla. 2d DCA 1996), the trial court entered a final judgment of foreclosure in favor of the plaintiff, Strategic Consulting. The final judgment specified the amount due for principal and interest and reserved jurisdiction to award attorney’s fees and costs. Id. at 84. The day before the foreclosure sale, defendant Bee Bee paid the amount of money set forth in the judgment in order to satisfy the judgment. Id. Arguing that Bee Bee failed to pay attorney’s fees, Strategic Consulting filed an emergency motion seeking to set aside the certificate of redemption and reschedule the foreclosure sale. Id. The trial court granted the motion and Bee Bee appealed. Id. The district court reversed, holding that Bee Bee had properly exercised its right of redemption under section 45.0315, Florida Statutes (1993). Id. at 85. Like the defendant in Bee Bee, Ms. Ver-neret properly exercised her right of redemption under the statute when she paid the amount specified in the judgment.
Although the trial court reserved jurisdiction to assess attorney’s fees, Ms. Ver-neret was entitled to exercise her right of redemption by tendering full payment without attorney’s fees. See Parsons v. Whitaker Plumbing of Boca Raton, Inc., 751 So.2d 655 (Fla. 4th DCA 1999) (stating that, where a final judgment reserves jurisdiction to assess attorney’s fees, a defendant seeking to exercise the right of redemption need not tender an amount for attorney’s fees in order to be entitled to redemption). Further, the trial court could have subsequently amended the final judgment of foreclosure to collect attorney’s fees after Ms. Verneret had exercised her right of redemption as to the original final judgment, which liquidated principal and interest, but reserved jurisdiction over attorney’s fees and costs. Id. We thus conclude that Ms. Verneret properly exercised her right of redemption.
In conclusion, this Court affirms the trial court’s decision to enter final judgment against Ms. Verneret. We likewise affirm the order in which the trial court denied Ms. Verneret’s motion to dismiss. However, we reverse the trial court’s denial of *893 Ms. Verneret’s motion for satisfaction of mortgage.
Affirmed in part, reversed in part.