DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OCWEN LOAN SERVICING, LLC,**
Appellant,

v.

**JEAN MARIE DELVAR** a/k/a JEAN DELVAR, et al.,
Appellees.

No. 4D14-763

[December 9, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 502008 CA012303.

Marc James Ayers of Bradley Arant Boult Cummings LLP, Birmingham, AL, for appellant.

Kendrick Almaguer and Thomas Eross, Jr., of The Ticktin Law Group, P.A., Deerfield Beach, for appellees.

KLINGENSMITH, J.

Ocwen Loan Servicing, LLC ("appellant") appeals the trial court's final judgment in favor of Jean Marie Delvar a/k/a Jean Delvar, et al. ("appellee"), in which the trial court found that there had been an enforceable oral modification of the mortgage. Appellant argues that the trial court erred by ruling that the mortgage had been orally modified and by rewriting the terms of the mortgage to reflect the modification. Specifically, appellant claims that the mortgage could have been modified only by a written agreement because it is an agreement within the ambit of the Statute of Frauds and that the trial court incorrectly ruled the oral modification was enforceable based upon application of the doctrine of promissory estoppel. For the reasons stated below, we hold the trial court's finding that the mortgage was orally modified violates section 725.01, Florida Statutes (2013).[1] We also agree that the trial court

---

[1] It appears that there are at least two Statutes of Frauds in effect in Florida: section 687.0304, Florida Statutes (2013), which has been referred to by courts

erroneously applied the doctrine of promissory estoppel. Accordingly, we reverse.

GMAC Mortgage, LLC ("GMAC") commenced the proceedings below by filing an initial complaint of foreclosure against appellee in April 2008. In his answer and affirmative defenses, appellee claimed in part that GMAC's loss mitigation department had "represented to [appellee] that [he] did not have to make monthly payments while [the bank] worked on modifying their Note and Mortgage to make it more affordable . . . and thereby avoid foreclosure." Appellee argued that as a result of this promise, GMAC was estopped from pursuing foreclosure in light of its "material representations" to appellee that he was eligible for a loan modification. After appellant was substituted into this action as plaintiff, the parties proceeded to a non-jury trial.

During the trial, appellant called Peter Knapp ("Knapp"), a senior litigation analyst employed by appellant, to testify. Knapp testified that appellant had offered a loan modification to appellee, but that it was never signed or returned. He also stated that appellee had made a series of payments of $2,000 per month in May, June, July, August, and September of 2008 pursuant to a forbearance agreement with appellant, but all of this money had been refunded to appellee prior to trial.

Appellee claimed that after the foreclosure action had been filed, he was offered a loan modification during a telephone conversation with a representative from GMAC, who told him that foreclosure proceedings would be halted if he made a payment of $6,200 and then continued to make recurring payments of $2,000 per month. He testified that even though he made these payments, GMAC continued to pursue foreclosure. Appellee also disputed that he was ever refunded the money. On cross-examination, appellee admitted that he had never

as Florida's Banking Statute of Frauds, *see, e.g.*, *Bloch v. Wells Fargo Home Mortg.*, 755 F.3d 886, 889-90 (11th Cir. 2014); *Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co.*, 105 So. 3d 602, 608 n.5 (Fla. 4th DCA 2013), and section 725.01. However, appellant argued below only that the oral modification was invalid under section 725.01. Therefore, we confine our opinion to a discussion of that statute only. *Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (quoting *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985))).

executed a written loan modification, but argued that he had never received any documents to sign in the first place.

The trial court rendered final judgment in favor of appellee and included a provision within the judgment that "[t]he Note secured by the Mortgage and the Mortgage [were] deemed unenforceable." Appellant filed a motion to vacate that final judgment, arguing that the trial court had ruled in favor of appellant on every issue at trial save the mortgage modification, and asserting that the mortgage could not have been modified because any alleged agreement between appellee and the bank was oral. Appellant maintained that because the mortgage agreement was within Florida's Statute of Frauds as a contract not to be performed within one year, any subsequent agreement altering its terms had to be in writing as well to be effective.

The trial court concluded that the evidence supported appellee's claim that a modification had been offered, and that he had acted in response to it by making payments to the bank, even though the modification was not in writing.[2] Although the court agreed with appellant that the mortgage was within the Statute of Frauds because it was an agreement not intended to be performed within one year, the court thought the case represented a "special circumstance." Consequently, he determined that the mortgage had been properly modified by an oral agreement and any default was cured by the modification.

Later, the court issued a second final judgment of foreclosure in favor of appellee, which provided that the original note and mortgage had been orally modified, and reformed the terms to obligate appellee to make payments of $2,000 per month, beginning on March 1, 2014. This appeal followed.

Whether or not an oral agreement is enforceable "under the Statute of Frauds is a pure question of law, which we review de novo." *DK Arena, Inc. v. EB Acquisitions I, LLC,* 112 So. 3d 85, 91 (Fla. 2013).

---

[2] The evidence which the trial court considered in determining that an oral modification had been offered included: 1) appellee's testimony that a representative of the bank had offered a modification over the phone; 2) payments appellee made in 2008 were in accordance with the new agreement; 3) Knapp's testimony that a written modification had been offered (but never executed); and 4) the refunded 2008 payments were made pursuant to a forbearance agreement between the parties. There was no documentation presented at trial proving the existence of a written and executed forbearance agreement.

Section 725.01 states, in pertinent part:

> No action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

§ 725.01, Fla. Stat. (2013).

We have held that "to be within, and thus barred by, the provision in the statute of frauds concerning agreements 'not to be performed within the space of one year from the making thereof,' it must be shown that neither party's performance was intended to be complete within one year." *Lundstrom Realty Advisors, Inc. v. Schickedanz Bros.-Riviera Ltd.*, 856 So. 2d 1117, 1122 (Fla. 4th DCA 2003) (quoting *Fla. Pottery Stores of Panama City, Inc. v. Am Nat'l Bank*, 578 So. 2d 801, 804 (Fla. 1st DCA 1991)); *see also Dwight v. Tobin*, 947 F.2d 455, 459 (11th Cir. 1991) (stating that "[u]nder well-settled Florida law, the statute of frauds bars the enforcement of a contract when the parties intended and contemplated that performance of the agreement would take longer than one year. . . . The intent of the parties may be inferred from the 'surrounding circumstances' or the 'object to be accomplished.'" (quoting *Yates v. Ball*, 181 So. 341, 344 (Fla. 1937)); *Steinberg v. Kearns*, 907 So. 2d 691, 693 (Fla. 4th DCA 2005) (stating that "'[t]he rule is generally approved in this country that the statute of frauds applies only to contracts not to be performed on either side within the year, and has no application to contracts which by intent were fully performed within the year on one side.'" (alteration in original) (quoting *Yates*, 181 So. at 345)).

In the instant case, it is apparent from the terms of the mortgage and the note that neither party intended for appellee to repay the loan within one year of the signing of the agreements. The mortgage states, in pertinent part:

> **(E) "Note"** means the promissory note signed by Borrower and dated JANUARY 20TH, 2006. The Note states that Borrower owes Lender THREE HUNDRED SEVENTY FIVE THOUSAND TWO HUNDRED FIFTY AND NO/100 Dollars (U.S. $375,250.00) plus interest. Borrower has promised to

4

pay this debt in regular Periodic Payments and to pay the debt in full *not later than FEBRUARY 1ST, 2036.*

(Emphasis added). Additionally, the note states:

> **3. PAYMENTS**
> **(A) Time and Place of Payments**
> I will pay principal and interest by making a payment every month.
> I will make my monthly payment on the FIRST day of each month beginning on MARCH 1st, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. *If, on FEBRUARY 1st, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."*

(Emphasis added).

These terms reflect that the parties intended the loan to be repaid in regular monthly payments over the course of thirty years, not within one year. As such, the mortgage agreement is within the Statute of Frauds and was required to be in writing. Because, "[u]nder the Statute of Frauds, any modification to [a] contract [is] unenforceable unless memorialized in a written document signed by the parties or their authorized representatives," *DK Arena, Inc.*, 112 So. 3d at 97, the final judgment in this case cannot stand.

Here, appellant asserts that the trial court improperly found that the oral modification of the mortgage was enforceable based upon the doctrine of promissory estoppel. We agree. Promissory estoppel "applies when there is (1) a promise which the promisor should reasonably expect to induce action or forbearance, (2) action or forbearance in reliance on the promise, and (3) injustice resulting if the promise is not enforced." *DK Arena, Inc.*, 112 So. 3d at 96. The Florida Supreme Court has expressly stated that the Statute of Frauds cannot be circumvented by application of the doctrine of promissory estoppel. *Id.* at 97 ("[A]pplication of the Statute of Frauds is a matter of legislative prerogative; the judicial doctrine of promissory estoppel may not be used to circumvent its requirements." (citing *Tanenbaum v. Biscayne Osteopathic Hosp., Inc.*, 190 So. 2d 777, 779 (Fla. 1966))). Although the

trial court did not expressly state that it found the oral modification to be enforceable based upon the doctrine, the transcript of the proceedings supports the inescapable conclusion that promissory estoppel was the basis for its decision.

We find that the trial court erred by ruling that the oral modification was enforceable, and by applying the doctrine of promissory estoppel in reforming the original note and mortgage to reflect the terms of that oral agreement. Therefore, we reverse the provisions of the final judgment that ordered a modification of the note and mortgage to conform to the terms of the purported oral agreement.

*Reversed and Remanded for further proceedings consistent with this opinion.*

WARNER and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**