DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EARL W. JOHNSTON ROOFING, LLC,**
Appellant,

v.

**BARBARA HERNANDEZ,**
Appellee.

No. 4D19-404

[May 27, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez and John B. Bowman, Judges; L.T. Case No. 17-019935 (02).

Bryce J. Gilbert of Gilbert Law Group, P.A., Hollywood, for appellant.

No appearance filed for appellee.

GERBER, J.

The contractor appeals from the trial court's order: (1) finding the homeowner had fully satisfied the contractor's final judgment, (2) canceling the foreclosure sale of the homeowner's property, and (3) discharging the contractor's lien against the homeowner's property. The contractor also appeals from a successor judge's order denying the contractor's motion for rehearing of the trial court's order. The contractor argues the trial court and the successor judge both erred because the homeowner had not paid the contractor's attorney's fees, costs, and pre- and post-judgment interest incurred in the case.

We conclude that because the homeowner had not paid the contractor's attorney's fees, costs, and pre- and post-judgment interest, the trial court erred in finding the homeowner had fully satisfied the contractor's final judgment, and in discharging the contractor's lien against the homeowner's property. However, the trial court properly canceled the foreclosure sale of the homeowner's property. Thus, we affirm in part and reverse in part the trial court's order and the successor judge's order.

We present this opinion in four sections:

1. The proceedings leading to the trial court's final judgment;
2. The trial court's post-judgment entry of the satisfaction order;
3. The contractor's motion for rehearing of the satisfaction order; and
4. Our review of the trial court's and successor judge's orders.

## 1. *The Proceedings Leading to the Trial Court's Final Judgment*

The homeowner hired the contractor to provide roofing work on her property.  The parties' contract included the following provision:

> DEFAULT: . . . In the event of a breach of this Contract, the prevailing party shall be entitled [to recover] from the non-prevailing party, for any and all collection costs; all costs and reasonable attorneys fees at all levels of proceedings including appeals and post-judgment, plus pre-judgment and post-judgment interest at the highest maximum rate allowed by law. . . .

The contractor timely completed its obligations under the contract.  The total project cost was $13,668.84.  However, the homeowner only paid the contractor $10,296.28, leaving a $3,372.56 balance owed.

The contractor filed a construction lien against the homeowner's property for "$3,372.56 which is accruing at 18% interest [per annum], plus filing cost, attorney cost and any other costs incurred. . . ." (all caps deleted).  The contractor's attorney mailed a copy of the claim of lien to the homeowner with a demand that she pay the $3,372.56 balance owed, plus the $1,312.50 in the contractor's attorney's fees to date, within two weeks or the contractor would file a lawsuit against the homeowner.

The homeowner did not pay the contractor.  Thus, the contractor filed a complaint against the homeowner.  The complaint included claims for lien foreclosure and breach of contract.  The contractor sought payment of the $3,372.56 balance owed, its attorney's fees, costs, and pre- and post-judgment interest, and a foreclosure sale in the event of non-payment.

Before answering the complaint, the homeowner, representing herself, moved for an extension of time in order to settle a separate case she filed against her insurer for coverage of the roof damages which the contractor repaired.  The motion indicated she would use the settlement money to pay the contractor.  The trial court granted the motion and gave the

2

homeowner thirty days to settle her other case and pay the contractor, or file an answer within ten days thereafter.

However, within the time allowed, the homeowner did not notify the contractor she had settled her other case or file an answer. Thus, the contractor filed a motion for default and final judgment, and set a hearing. The certificates of service indicated the contractor's counsel mailed copies of the motion and notice of hearing to the homeowner's property address.

The trial court entered the default and default final judgment. The default final judgment stated, in pertinent part:

> 1. [The contractor] is the prevailing party in this action on the following claims *to wit*: Foreclosure of Construction Lien [Count I] and Breach of Contract [Count III]. [The contractor] is entitled to attorneys' fees and costs pursuant to Fla. Stat. § 713.29 and the Contract.

> 2. [The contractor] does have and recover from [the homeowner] a secured judgment on its claim for the principal amount of $3,372.56, *plus reasonable attorneys' fees and costs, plus court costs, plus pre and post-judgment interest at the rate of 18% per annum . . . pursuant to the Contract for which let execution issue forthwith . . . .*

> . . . .

> 4. If the total sum with interest at the rate described in paragraph 2, all attorneys' fees, and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale . . . .

> . . . .

> 8. Jurisdiction of this action is retained to enter further orders that are proper . . . .

(emphasis in paragraph 2 added). Both the default and final judgment indicate copies were mailed to the homeowner at her property address.

## 2. *The Trial Court's Post-Judgment Entry of the Satisfaction Order*

Immediately after the trial court entered the default final judgment, the contractor filed a verified motion to determine the amount of its attorney's

fees, costs, and post-judgment interest. The contractor also served discovery in aid of execution upon the homeowner.

Ten days later, the homeowner filed a motion to stay the discovery in aid of execution to give her more time to obtain funds to pay the contractor. The trial court entered an order granting the homeowner's motion and staying any further action in the case until a case management conference could be held eight weeks later.

However, four days after the trial court entered the stay order, the contractor filed a motion to vacate that order. The contractor stated it learned the homeowner had settled the case with her insurer six weeks earlier, and never notified the contractor's counsel or tried to settle this case. The trial court granted the contractor's motion and lifted the stay.

The contractor's counsel set for hearing the motion to determine the contractor's attorney's fees, costs, and interest. The contractor's counsel mailed a copy of the notice of hearing to the homeowner's property address. The homeowner appeared at the hearing.

The homeowner testified she had not received copies of the contractor's motion for default and final judgment. She then tendered a personal check to the contractor for the $3,372.56 principal balance. However, the check did not include the contractor's attorney's fees, costs, or interest. The trial court concluded the hearing without addressing the contractor's motion to determine the amount of its attorney's fees, costs, and interest.

Instead, after the hearing, the circuit court drafted and entered an order entitled, "Satisfaction of Judgment, Cancelling Foreclosure Sale and Order Deferring on Plaintiff's Motions for Attorney Fees." The order stated:

> 1. The parties agreed in open court that [the homeowner] received an insurance check in a separate case . . . in the amount of $3,372.56. The insurance check was brought to court this date by [the homeowner] and endorsed as payable to [the contractor's] law firm and delivered in open court to [the contractor].
>
> 2. Upon a review of the record, it is clear that the [homeowner's] testimony under oath that she had not received a copy of the Motion for Default and Final Judgment or a copy of the proposed Final Judgment is supported by the record because neither the motion for default or final judgment have a certificate of mailing to [the homeowner]. . . . At this juncture

4

the Court finds that there has been a due process violation in that [the homeowner] was not given notice of these motions or their content, given that [the homeowner] has never denied the debt, indicated she would pay as soon as her check was received even prior to [the contractor] filing suit, and as of [today's date], paid in full, this is the rare case where the violation of due process does not require [further action] because the matter is resolved.

3. Therefore, the Default Judgment and Foreclosure Judgment for $3,372.56 is and has been fully **satisfied**. The Clerk of Court is directed to show the judgment as satisfied.

4. The Clerk is directed to **cancel the foreclosure sale** ... and to not reschedule the sale without further order of the Court.

5. All liens on [the homeowner's property] from [the contractor] are hereby **Released, Discharged, and Cancelled**. . . .

. . . .

7. Deferred ruling on [the contractor's] Verified and Verified Supplement to Motion for Attorney fees and Vacating Order Finding Entitlement to fees and costs because upon entering the Default Final Judgment and Foreclosure Judgment, the Court accepted [the contractor's] counsel's representation as to . . . fees and found entitlement to attorney fees based on the "contract." At the [hearing on the contractor's verified motion for attorney's fees], the court reviewed [the contractor's motion and] the exhibits attached thereto . . . . The [parties'] contract does not contain an attorney fee provision at all. Therefore, the Verified Motion to Award Attorney Fees and Costs, a sworn motion, at paragraph 3, as well as [the contractor's] argument directly conflict with [the contract] attached to the motion and directly conflict with the Default Final Judgment and Foreclosure Judgment submitted by [the contractor]. At best, the representations by [the contractor's] counsel were in error or at worst intentional, willful and contumacious. In either case, it was error for the Court to retain jurisdiction to award attorney fees based on the contract. The finding of entitlement to attorney fees in the Default Final Judgment and Foreclosure Judgment is vacated

5

in its' entirety. . . . The Court reserves jurisdiction to impose its' own Section 57.105 sanctions on [the contractor] and/or counsel if warranted after an evidentiary hearing. . . .

(emphasis in original).

### 3. *The Contractor's Motion for Rehearing of the Satisfaction Order*

The contractor filed a motion for rehearing seeking to vacate the satisfaction order. The contractor's motion pointed out several factual errors in the order:

- Contrary to the trial court's paragraph 1 finding that "[t]he insurance check was brought to court this date by [the homeowner] and endorsed as payable to [the contractor's] law firm and delivered in open court to [the contractor]," the homeowner brought a personal check which had not cleared as of the date on which the motion for rehearing was filed.

- Contrary to the trial court's paragraph 2 finding that "neither the motion for default or final judgment have a certificate of mailing to [the homeowner]," the motion for default contains the contractor's counsel's certificate of service indicating the motion had been mailed to the homeowner's property address, and the final judgment shows the court sent a copy to the same address.

- Contrary to the trial court's findings and conclusions in paragraphs 2 through 5 that the homeowner had "paid in full" and the final judgment was "fully satisfied," the homeowner had not paid the contractor's attorney's fees, costs, and pre- and post-judgment interest to which the contractor was entitled in the final judgment, and therefore the trial court erred in directing the clerk of court to show the final judgment as satisfied, cancel the foreclosure sale, and discharge the contractor's lien.

- Contrary to the trial court's paragraph 7 finding, "The contract does not contain an attorney fee provision at all," the contract contained the following provision:

  DEFAULT: . . . In the event of a breach of this Contract, the prevailing party shall be entitled [to recover] from the non-prevailing party, for any and all collection costs; all costs and *reasonable attorneys fees at all levels of proceedings*

6

*including appeals and post-judgment,* plus pre-judgment and post-judgment interest at the highest maximum rate allowed by law. . . .

(emphasis added).

After a hearing, the trial court granted the motion for rehearing in part, only by amending portions of the satisfaction order's paragraphs 2 and 7:

2. Upon a review of the record, it is clear that the [homeowner's] testimony under oath that she had not received a copy of the Motion for Default and Final Judgment or a copy of the proposed Final Judgment. is supported by the record because neither the motion for default or final judgment have a certificate of mailing to [the homeowner]. . . . At this juncture the Court finds that there has been a due process violation in that [the homeowner] was not given notice of these motions or their content, gGiven that [the homeowner] has never denied the debt, indicated she would pay as soon as her check was received even prior to [the contractor] filing suit, and as of [today's date], paid in full, this is the rare case where the violation of due process does not require [further action] because the matter is resolved.

7. Deferred ruling on [the contractor's] Verified and Verified Supplement to Motion for Attorney fees and Vacating Order Finding Entitlement to fees and costs. because upon entering the Default Final Judgment and Foreclosure Judgment, the Court accepted [the contractor's] counsel's representation as to . . . fees and found entitlement to attorney fees based on the "contract." . . . The contract does not contain an attorney fee provision at all. Therefore, the Verified Motion to Award Attorney Fees and Costs, a sworn motion, at paragraph 3, as well as [the contractor's] argument directly conflict with [the contract] attached to the motion and directly conflict with the Default Final Judgment and Foreclosure Judgment submitted by [the contractor]. At best, the representations by [the contractor's] counsel were in error or at worst intentional, willful and contumacious. In either case, it was error for the Court to retain jurisdiction to award attorney fees based on the contract. The finding of entitlement to attorney fees in the Default Final Judgment and Foreclosure Judgment is vacated in its' entirety. . . . The Court reserves jurisdiction to impose its' own Section 57.105

7

> sanctions on [the contractor] and/or counsel if warranted
> after an evidentiary hearing.

(strikethroughs and underlines added). The amended order also deferred ruling on "all other matters" until a future case management conference.

The contractor next timely filed a motion to disqualify the trial court. The contractor alleged it had a reasonable fear the trial court could not act impartially because the trial court's satisfaction order, in pertinent part: (1) was based on arguments which the homeowner had not raised, (2) was based on multiple incorrect factual findings as shown in the record, (3) questioned the contractor's counsel's credibility and accused the contractor's counsel of violating the homeowner's due process rights based on the trial court's incorrect factual findings as shown in the record, (4) directed the Clerk of Court to show the judgment as satisfied, cancel the foreclosure sale, and discharge the contractor's lien without any legal basis for doing so based on the trial court's incorrect factual findings; (5) caused the contractor to move for rehearing and thus incur additional attorney's fees which the trial court already indicated it was unwilling to award, and (6) threatening the contractor and counsel with section 57.105 sanctions based on the trial court's incorrect factual findings as shown in the record. To sum up, the contractor's motion to disqualify stated, "[The contractor] can understand mistakes occur, however [the contractor] unequivocally fears that this Court is demonstrating bias for the [homeowner] and missing clear representations made in the record in order to benefit [the homeowner], and cannot proceed forward as an impartial trier of fact."

The trial court summarily denied the motion to disqualify as legally insufficient.

The contractor filed a petition for writ of prohibition with this court, seeking to quash the circuit court's order denying the contractor's motion to disqualify. We entered an order granting the petition and quashing the trial court's order denying the motion to disqualify.

On remand, the trial court entered an order granting the contractor's motion to disqualify. The clerk of the court randomly reassigned the case to a successor judge.

The contractor requested the successor judge to set a hearing on its motion for rehearing to address the remaining errors in the trial court's satisfaction order which had not been corrected. *See* Fla. R. Jud. Admin. 2.330(h) ("Prior factual or legal rulings by a disqualified judge may be

reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration.").

The successor judge entered an order denying the contractor's motion for rehearing, without having held a hearing and without having provided any explanation for denying the motion. This appeal followed.

### 4. *Our Review of the Trial Court's and Successor Judge's Orders*

The contractor argues that because the homeowner had not paid its attorney's fees, costs, and pre- and post-judgment interest, the trial court erred in: (1) finding the homeowner had fully satisfied the contractor's final judgment, (2) canceling the foreclosure sale of the homeowner's property, and (3) discharging the contractor's lien against the homeowner's property. The contractor also argues the successor judge erred in denying the contractor's motion for rehearing for the same reason.

We conclude that because the homeowner had not paid the contractor's attorney's fees, costs, and pre- and post-judgment interest, the trial court erred in finding the homeowner had fully satisfied the contractor's final judgment, and in discharging the contractor's lien against the homeowner's property. However, the trial court properly canceled the foreclosure sale of the homeowner's property.

The contract contained the following plain-language provision requiring the non-prevailing party (in this case, the homeowner) to pay the prevailing party's reasonable attorney's fees, costs, and pre- and post-judgment interest:

> DEFAULT: . . . In the event of a breach of this Contract, the prevailing party shall be entitled [to recover] from the non-prevailing party, for any and all collection costs; all costs and reasonable attorneys fees at all levels of proceedings including appeals and post-judgment, plus pre-judgment and post-judgment interest at the highest maximum rate allowed by law. . . .

Further, section 713.29, Florida Statutes (2018), governs attorney's fees in a construction lien action, and states, in pertinent part:

> In any action brought to enforce a lien . . . under this part, the prevailing party is entitled to recover a reasonable fee for the services of [their] attorney for trial and appeal or for arbitration, in an amount to be determined by the court,

9

> which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions.

§ 713.29, Fla. Stat. (2018).  "Attorney's fees and costs awarded under section 713.29 _are included within the lien_ created by section 713.05." *Parsons v. Whitaker Plumbing of Boca Raton, Inc.*, 751 So. 2d 655, 656 (Fla. 4th DCA 1999) (emphasis added).

Here, the contractor obtained a final judgment for the outstanding $3,372.56 principal plus its attorney's fees, costs, and pre- and post-judgment interest.  However, at the attorney's fees hearing, once the homeowner tendered a person check to the contractor for the $3,372.56 principal balance, the trial court did not determine the amount of the contractor's attorney's fees, costs, and pre- and post-judgment interest.  Instead, the trial court entered its sua sponte order finding the homeowner had fully satisfied the contractor's final judgment, canceling the foreclosure sale of the homeowner's property, and discharging the contractor's lien against the homeowner's property.

The trial court erred in finding the homeowner had fully satisfied the contractor's final judgment, and in discharging the contractor's lien against the homeowner's property.  "[A] satisfaction of judgment generally operates as a complete bar to any effort to alter or amend the final judgment." *Jankowski v. Dey*, 64 So. 3d 183, 187 (Fla. 2d DCA 2011) (internal quotation marks omitted).  "A satisfaction signifies that the litigation is over, the dispute is settled, the account is paid." *Morris N. Am., Inc. v. King*, 430 So. 2d 592, 592 (Fla. 4th DCA 1983).  Here, the litigation was not over, the dispute was not settled, and accounts were not paid because, pursuant to the parties' contract and section 713.29, the homeowner still owed the contractor's attorneys' fees, costs, and pre- and post-judgment interest.  At best, the trial court should have entered a partial satisfaction of the final judgment as to the $3,372.56 principal only.

However, the trial court properly canceled the foreclosure sale of the homeowner's property.  *See Parsons*, 751 So. 2d at 656 ("[W]here a final foreclosure judgment reserves jurisdiction to assess attorney's fees, a defendant seeking to exercise the right of redemption need not tender an amount for attorney's fees in order to be entitled to redemption").

Based on the foregoing, we affirm in part and reverse in part the trial court's satisfaction order and the successor judge's order denying rehearing.  We remand for the successor judge to: (1) enter a partial satisfaction of final judgment as to the $3,372.56 principal only; (2) enter an order directing the clerk of court to re-impose the contractor's lien

against the homeowner's property for the contractor's unpaid attorneys' fees, costs, and pre- and post-judgment interest, (3) hold an evidentiary hearing to determine the amount of the contractor's attorneys' fees, costs, and pre- and post-judgment interest, and (3) enter a subsequent final judgment containing those determinations and rescheduling the foreclosure sale of the homeowner's property in the event the homeowner does not timely pay those determined amounts in full. *See Parsons*, 751 So. 2d at 656 (a trial court may enter a subsequent final judgment of foreclosure for attorney's fees after a defendant has exercised a right of redemption as to the original final judgment, which liquidated principal and interest, but reserved jurisdiction over attorney's fees and costs).

*Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.*

GROSS and MAY, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

11