# Third District Court of Appeal

## State of Florida

Opinion filed February 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1376
Lower Tribunal No. 14-22599
_____

**Fausto Callava, et al.,**
Appellants,

vs.

**Patrick Yon,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Arnaldo Vélez, P.A., and Arnaldo Vélez, for appellants.

Dania S. Fernandez & Associates, P.A., and Joseph Stern, for appellee.

Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

GORDO, J.

Fausto Callava and Title Company of America appeal a final judgment ordering Title Company of America to release to Patrick Yon a $100,000 deposit held in escrow for the purchase of commercial real property. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because we find there is substantial competent evidence in the record for the trial court's findings and the trial court properly applied the written terms of the contract, we affirm.

While the interpretation of a contract is a question of law subject to de novo review, a trial court's findings of fact are reviewed for competent, substantial evidence. See Verneret v. Foreclosure Advisors, LLC, 45 So. 3d 889, 891 (Fla. 3d DCA 2010); D & E Real Est., LLC v. Vitto, 260 So. 3d 429, 433 (Fla. 3d DCA 2018). The contract and contract addendum signed by both parties in this case provided:

> Closing date shall be on or before 45 days from the effective date. An initial deposit of $50,000 shall be paid at the time of signing. An additional deposit of $50,000 shall be made to Escrow agent 5 days from the effective date. In the event, Buyer does not close as per contract, Seller will retain all deposits paid or agreed to be paid by Buyer. Seller and Buyer authorize Escrow Agent or Closing Agent (collectively "Agent") to receive, deposit, and hold funds and other property in escrow and, subject to collection, disburse them in accordance with the terms of this Contract. In the event the sale is not closed due to any default or failure on the part of Buyer, Seller may either (1) retain all deposit(s) paid or agreed to be paid by Buyer as agreed upon liquidated damages, consideration for the execution

2

of this Contract, and in full settlement of any claims, upon which this Contract will terminate or (2) seek specific performance.

It is undisputed that the closing date agreed to by the parties was June 23, 2014, Callava failed to close on that date and Title Company of America did not thereafter disburse the $100,000 deposit to Yon in accordance with the terms of the contract. We therefore find little difficulty in concluding there is competent substantial evidence that Callava and Title Company of America breached the terms of the contract.

Further, we find Callava and Title Company of America's claim that Yon was amenable to close on July 8, 2014 is immaterial without a signed agreement where the written contract executed by both parties specifically provides that "[m]odifications of this Contract will not be binding unless in writing, signed and delivered by the party to be bound." This language is binding language that a modification will not be enforced unless there is a writing signed by the party against whom the modification was asserted. See Bradley v. Sanchez, 943 So. 2d 218, 222 (Fla. 3d DCA 2006). The Statute of Frauds is applicable to all sale of land contracts and is also clear on this point. See, DK Arena, Inc. v. EB Acquisitions I, LLC, 112 So. 3d 85, 97 (Fla. 2013) (holding that under the Statute of Frauds, any modification to the contract was unenforceable unless memorialized in a written document

3

signed by the parties); <u>Wharfside at Boca Pointe, Inc. v. Superior Bank</u>, 741 So. 2d 542, 545 (Fla. 4th DCA 1999) (finding that an attempted oral modification of an agreement by way of letter was insufficient to satisfy the requirements of the Statute of Frauds, the letter is merely an offer or confirmation of a prior oral offer, not an acceptance or confirmation of agreement signed by the party to be charged); <u>Ocwen Loan Servicing, LLC v. Delvar</u>, 180 So. 3d 1190, 1194 (Fla. 4th DCA 2015) (concluding that under the Statute of Frauds, any modification to a contract is unenforceable unless memorialized in a written document signed by the parties).

Affirmed.