PER CURIAM.
The final order denying the appellant Havanatur, S.A.’s motion to intervene below is affirmed because no showing has been made that the trial court abused its discretion in rendering this ruling. The motion to intervene was filed during the final stages of the litigation below, just three days prior to the entry of the final judgment, with no explanation given as to the reason for the untoward delay. At that time the appellant had a pending lawsuit against the interested parties herein which adequately protected its rights. Under the circumstances, we cannot fault the trial judge for denying the motion to intervene and requiring the appellant to pursue his remedies elsewhere. Idacon, Inc. v. Hawes, 432 So.2d 759, 761 (Fla. 1st DCA 1983) and cases collected.
Moreover, the motion to intervene was denied after the entry of final judgment; “the general rule — universally—is that intervention may not be allowed after final judgment,” save “ ‘in the interests of justice’ ”, Dickinéon v. Segal, 219 So.2d. 435, 436-37 (Fla.1969) (emphasis omitted) and cases collected; and there is no showing that the interests of justice required this intervention.
Affirmed.