ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant the motion for clarification and correct the opinion to reflect more clearly the ruling of the trial court.
Leslie Harris, an owner in Bristol Lakes Homeowners Association, appeals from an order denying her motion for reconsideration of a final order dismissing with prejudice a case between Bristol Lakes and Aberdeen Property Owners Association based upon settlement. Harris had filed a *1076 motion to intervene in the action a week prior to the order of dismissal which was not ruled upon pi-ior to entry of the final order. She then filed a motion for reconsideration of the order of dismissal based upon her pending motion to intervene. The trial court denied the motion without prejudice to Harris filing an independent claim seeking to raise the issues she raised regarding the propriety of amendments to the governing documents of Bristol Lakes or Aberdeen Property Owners Association, and Harris appeals. We affirm, as the trial court did not abuse its discretion in denying the motion to reconsider the order of dismissal because of the pending late-filed motion to intervene. See Havanatur, S.A. v. 747 Travel Agency, Inc., 463 So.2d 404, 405 (Fla. 3d DCA 1985). As noted in Havanatur, “ ‘[T]he general rule-universally-is that intervention may not be allowed after final judgment,’ save “in the interests of justice”, Dickinson v. Segal, 219 So.2d 435, 436-37 (Fla.1969) (emphasis omitted) and cases collected; and there is no showing that the interests of justice required this intervention.”

Affirmed.

WARNER, POLEN, JJ., and EHRLICH, MERRILEE, Associate Judge, concur.