PER CURIAM.
We affirm the denial of a motion to vacate the foreclosure sale of appellants’ property. While they claim that their redemption rights were thwarted by the ap-pellee’s failure to credit post-judgment rentals to the amount due or to require the payment of the amount of attorney’s fees, we disagree. The right of redemption is controlled by section 45.0315, Florida Statutes, which is exclusive:
At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any *936 subordinate interest may cure the mortgagor’s indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelérate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney’s fees of the creditor. Otherwise, there is no right of redemption.
(emphasis supplied). Regardless of any demands by appellee for attorney’s fees or other amounts, appellants could have redeemed by paying the amount of the final judgment. Parsons v. Whitaker Plumbing of Boca Raton, Inc., 751 So.2d 655, 656 (Fla. 4th DCA 1999). They failed to do so.
As to denial of the tenant’s post-judgment motion to intervene, the trial court did not abuse its discretion in denying intervention. “ ‘[T]he general rule— universally — is that intervention may not be allowed after final judgment,’ save ‘in the interests of justice’.... ” Harris v. Bristol Lakes Homeowners Ass’n, 126 So.3d 1075, 1076 (Fla. 4th DCA 2012) (quoting Havanatur, S.A. v. 747 Travel Agency, Inc., 463 So.2d 404, 405 (Fla. 3d DCA 1985) and Dickinson v. Segal, 219 So.2d 435, 436-37 (Fla.1969)). Lessees can “only redeem the property under or through [the mortgagor’s] rights,” and have “no independent right to redemption.” Burns v. Bankamerica Nat’l Trust Co., 719 So.2d 999, 1001 (Fla. 5th DCA 1998) (citing Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690 (1930)). Because it was not a party to the original proceedings, the tenant still has a possessory interest which has not been foreclosed in the property. See Commercial Laundries, Inc. v. Golf Course Towers Assocs., 568 So.2d 501, 503 (Fla. 3d DCA 1990). Therefore, the interests of justice do not compel the granting of its post-judgment request to intervene.

Affirmed.

MAY, C.J., WARNER and POLEN, JJ., concur.