DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN VERNETTI and GLOBAL TRUSTEE SERVICES, INC.,**
a Nevada Corporation,
Appellants,

v.

**AMERICA-INDIAN ENTERPRISES, INC.,** a Wyoming Corporation,
**KUMAR RAJAGOPALAN, JOSEPH ARCHIPRETE, and
RAGHAV L. SETH,**
Appellees.

No. 4D14-2360

[December 17, 2014]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. 13-9557 (08).

Mark F. Booth of Rogers, Morris & Ziegler LLP, Fort Lauderdale, for appellants.

John F. O'Donnell, Fort Lauderdale, for appellees Kumar Rajagopalan, Joseph Archiprete and American-Indian Enterprises, Inc.

DAMOORGIAN, C.J.

John Vernetti and Global Trustee Services, Inc. ("Global Trustee") appeal the trial court's non-final order denying their motion to compel arbitration of a cross-claim filed by Appellees, America-Indian Enterprises, Inc. ("America-Indian"), Kumar Rajagopalan, and Joseph Archiprete.[1] Vernetti and Global Trustee maintain that the cross-claim is arbitrable because it arose out of and is directly related to their agreement with Appellees. We agree and reverse.

---

[1] Raghav Seth is named as an appellee in the style of this case because he is the plaintiff in the underlying litigation that forms the basis for the cross-claim. However, he is not a party to this appeal and for the purposes of this opinion, the term "Appellees" only refers to America-Indian, Rajagopalan, and Archiprete.

By way of background, Global Trustee and America-Indian entered into a Specific Service Agreement ("the Agreement") in August 2007. Rajagopalan and Archiprete signed the Agreement as co-owners of America-Indian and Vernetti signed as president of Global Trustee. The Agreement authorized Global Trustee to provide pass-through consulting services to America-Indian and to disburse funds from a Bank of America Client Trust Account to America-Indian at America-Indian's discretion. The Agreement contains the following arbitration clause:

> **4. DISPUTE:** In the event of any dispute arising out of or in connection with this Agreement, the parties agree to resolve such dispute through binding arbitration to be held in the domicile of [Global Trustee], in accordance with the rules of the Arbitration Board in Las Vegas, Nevada. The prevailing party in such arbitration shall be entitled to recover its legal fees and costs, which shall be awarded by the arbitrator, whose award shall be final and binding.

In April 2013, Raghav Seth filed an action for damages against Vernetti, Global Trustee, and Appellees. The complaint alleged that Appellees induced Seth to invest $1,000,000 in a business venture involving the purchase and sale of gold. Seth advanced the funds to America-Indian pursuant to a promissory note. The funds were to be held in trust by Vernetti and Global Trustee. When Seth did not receive payment of the amounts due and owing under the note he initiated the underlying lawsuit, asserting claims for fraud in the inducement, breach of contract, civil conspiracy, breach of fiduciary duty, and violation of the Florida and Federal RICO statutes. Appellees filed a cross-claim against Vernetti and Global Trustee for fraud, indemnity, and breach of fiduciary duty. Vernetti and Global Trustee moved to compel arbitration of the cross-claim based on the Dispute clause in the Agreement. The trial court denied their motion. This appeal follows.

We review an order granting or denying a motion to compel arbitration *de novo*. *Ibis Lakes Homeowners Ass'n, v. Ibis Isle Homeowners Ass'n*, 102 So. 3d 722, 727 (Fla. 4th DCA 2012) (quoting *Best v. Educ. Affiliates, Inc.,* 82 So. 3d 143, 145 (Fla. 4th DCA 2012)). "[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Seifert v. U.S. Home Corp.,* 750 So. 2d 633, 636 (Fla. 1999). This appeal only concerns the second element—whether the cross-claim is arbitrable.

A claim is arbitrable if, "'at a minimum, [it] raise[s] some issue the resolution of which requires reference to or construction of some portion of the contract itself' and there [is] some nexus between the claim and the contract containing the arbitration clause." *Kolsky v. Jackson Square, LLC*, 28 So. 3d 965, 969 (Fla. 3d DCA 2010) (quoting *Seifert,* 750 So. 2d at 638). "'To determine whether a claim falls within the scope of an arbitration agreement, we must look beyond the legal cause of action and examine the factual allegations of the complaint.'" *Florida Envtl. Servs., Inc. v. Rentoumis*, 950 So. 2d 466, 470 (Fla. 4th DCA 2007) (quoting *Singer v. Gaines,* 896 So. 2d 851, 854 (Fla. 3d DCA 2005)). Any doubt concerning the scope of an arbitration clause should be resolved in favor of arbitration. *Kolsky,* 28 So. 3d at 969 (citing *Zager Plumbing, Inc. v. JPI Nat'l Constr., Inc.,* 785 So. 2d 660, 662 (Fla. 3d DCA 2001)).

In this case, the factual allegations in the cross-claim mirror the terms of the Agreement. Without directly referring to the Agreement, the cross-claim asserts that Global Trustee released funds from a Bank of America trust account established in August 2007 without America-Indian's permission. The Agreement is dated August 6, 2007 and specifically established a Bank of America Client Trust Account for America-Indian's benefit. Appellees cannot escape their agreement to arbitrate simply because they asserted claims for common law indemnity, fraud, and breach of fiduciary duty instead of breach of contract. *See Florida Envtl. Servs., Inc.,* 950 So. 2d at 470. The cross-claim cannot be resolved without reference to the Agreement because the Agreement defines the duties Global Trustee owed to America-Indian. *See Kolsky,* 28 So. 3d at 969. For these reasons, we conclude that the cross-claim is arbitrable. We reverse and remand for the trial court to enter an order granting the motion to compel arbitration of the cross-claim.

*Reversed and Remanded.*

GROSS and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**