# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**McKENZIE CHECK ADVANCE OF FLORIDA, LLC** d/b/a
**NATIONAL CASH ADVANCE,**
**STEVEN A. McKENZIE, BRENDA G. LAWSON,**
and unknown entities and individuals,
Appellants,

v.

**WENDY BETTS, DONNA REUTER** and **TIFFANY KELLY,**
individually and on behalf of others similarly situated,
Appellees.

No. 4D15-1893

[May 18, 2016]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 2001CA000320XXXXMB.

Lewis S. Wiener of Sutherland Asbill & Brennan LLP, Washington, DC, for appellant McKenzie Check Advance of Florida, LLC d/b/a National Cash Advance.

Virginia B. Townes, Lawrence Rochefort, and Carrie Ann Wozniak of Akerman LLP, Orlando, and Claudia Callaway of Katten Muchin Rosenman LLP, Washington, DC, for appellant Brenda Lawson.

Christopher Casper of James Hoyer Newcomer & Smiljanich, Tampa, E. Clayton Yates of E. Clayton Yates, P.A., Fort Pierce, and Theodore J. Leopold and Diana L. Martin of Cohen, Milstein, Sellers & Toll, Palm Beach Gardens, for appellees.

GERBER, J.

The defendants appeal from the circuit court's non-final order referring to an arbitrator the issue of whether an arbitration provision in the parties' loan contracts permits the plaintiffs to pursue their class action claims in arbitration. The defendants primarily argue that prior appellate proceedings already have determined that the arbitration provision's class action waiver is enforceable. We agree with the defendants and reverse.

We present this opinion in four parts: (1) a summary of the initial court proceedings; (2) a description of the prior appellate proceedings to which we refer as *McKenzie I* and *McKenzie II*; (3) a summary of the proceedings after *McKenzie II*; and (4) our review of the instant appeal.

*1. The Initial Circuit Court Proceedings*

This case began when plaintiff Betts and plaintiff Reuter filed a class action lawsuit against McKenzie Check Advance of Florida, LLC (the "check cashing company"), and its principals Steven McKenzie and Brenda Lawson. The plaintiffs alleged that the check cashing company lent money to consumers in a deceptive and usurious manner.

The defendants moved to compel arbitration of plaintiff Reuter's claims based on an arbitration provision in her loan contracts. (Plaintiff Betts' loan contracts did not contain an arbitration provision.) The arbitration provision stated, in pertinent part, that "all disputes, including the validity of this arbitration provision <u>shall</u> be resolved by binding arbitration," and that the Federal Arbitration Act ("FAA") applied. (Emphasis in original.) According to the arbitration provision, the word "dispute" was to be given "the broadest possible meaning" and was defined to include "all federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to . . . this Agreement (including this arbitration provision and the fees charged) . . . [and] all claims asserted by you individually, [or] . . . as a representative and/or member of a class of persons." The arbitration provision also stated:

> 3. . . . THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.
>
> . . . .
>
> 5. You acknowledge and agree that by entering into this Agreement:
>
> . . . .
>
> (c) YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, OR TO

2

PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.

(Emphasis in original.)

Based on the arbitration provision, the circuit court granted the defendants' motion to compel arbitration and stayed plaintiff Reuter's claims against the check cashing company. The court did not stay plaintiff Reuter's claims against the individual defendants. On appeal, we affirmed. *Reuter v. McKenzie Check Advance of Fla., LLC*, 825 So. 2d 1070 (Fla. 4th DCA 2002), *rev. denied*, 930 So. 2d 610 (Fla. 2006).

Some years later, plaintiff Kelly was added to the action. She signed an arbitration provision nearly identical to the one which plaintiff Reuter signed. Accordingly, the defendants moved to compel arbitration of plaintiff Kelly's claims.

Plaintiff Kelly opposed the motion. She argued that the arbitration provision's class action waiver was unconscionable and violated public policy by depriving her of any meaningful remedy under Florida's remedial statutes.

After holding an evidentiary hearing, the court denied the defendants' motion to compel arbitration. The court found that the arbitration provision's class action waiver, though not unconscionable, violated public policy by depriving plaintiff Kelly and other similarly situated customers of any meaningful remedy.

### 2. McKenzie I *and* McKenzie II

On appeal, we affirmed the circuit court's finding that the arbitration provision's class action waiver violated public policy. *McKenzie v. Betts*, 55 So. 3d 615 (Fla. 4th DCA 2011) ("*McKenzie I*"). We reasoned:

> Because payday loan cases are complex, time-consuming, involve small amounts, and do not guarantee adequate awards of attorney's fees, individual plaintiffs cannot obtain competent counsel without the procedural vehicle of a class action. The class action waiver prevents consumers from vindicating their statutory rights, and thus violates public policy.

3

*Id.* at 629. We also certified to the Florida Supreme Court the following question of great public importance:

> WHEN ASSERTED IN A CLAIM INVOLVING A VIOLATION OF FDUTPA OR ANOTHER REMEDIAL STATUTE, DOES A CLASS ACTION WAIVER IN AN ARBITRATION AGREEMENT VIOLATE PUBLIC POLICY WHEN THE TRIAL COURT IS PERSUADED BY EVIDENCE THAT SUCH A WAIVER PREVENTS CONSUMERS FROM OBTAINING COMPETENT COUNSEL?

*Id.*

On review, the Florida Supreme Court, in *McKenzie Check Advance of Fla., LLC v. Betts,* 112 So. 3d 1176 (Fla. 2013) ("*McKenzie II*"), quashed *McKenzie I* based on the United States Supreme Court's intervening decision in *AT&T Mobility, LLC v. Concepcion,* 563 U.S. 333, 131 S. Ct. 1740 (2011). The Florida Supreme Court explained *Concepcion* as follows:

> In *Concepcion*, the question before the United States Supreme Court was "whether the FAA prohibits States from conditioning the enforceability of certain arbitration agreements on *the availability of classwide arbitration procedures.*" Specifically, the Supreme Court considered whether the FAA preempts California's *Discover Bank* rule, which "classif[ied] most *collective-arbitration waivers* in consumer contracts as unconscionable."
>
> . . . .
>
> With respect to class arbitration, the [United States] Supreme Court held that
>
>> [t]he overarching purpose of the FAA, evident in the text of §§ 2, 3, and 4, is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings. *Requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA.*

*McKenzie II,* 112 So. 3d at 1181-82 (emphasis added; internal citations omitted).

4

Applying *Concepcion* in *McKenzie II,* the Florida Supreme Court held that "the class action waiver in this case is enforceable." 112 So. 3d at 1180. The Florida Supreme Court then declined to answer the certified question because it was moot. *See id.* at 1178 ("[E]ven if the Fourth District is correct that the class action waiver in this case is void under state public policy, this Court is without authority to invalidate the class action waiver on that basis because federal law and the authoritative decision of the United States Supreme Court in *Concepcion* preclude us from doing so.").

### 3. The Proceedings After McKenzie II

After *McKenzie II,* this court remanded the case to the circuit court. In the circuit court, the defendants filed a renewed motion to compel arbitration of plaintiff Kelly's individual claims.

Plaintiffs Reuter and Kelly filed a response to the defendants' motion, and filed their own motion requesting referral of their remaining class action claims to arbitration. In this filing, Reuter and Kelly agreed that their individual claims should proceed to arbitration, and also argued that their class claims should proceed to arbitration as well on the ground that the class action waiver's enforceability should be an issue for the arbitrator.

At a hearing on both motions, the defendants argued that *McKenzie II* dictated the outcome because the Florida Supreme Court already held the class action waiver was enforceable. Therefore, the defendants contended, the law of the case precluded the plaintiffs' argument.

In response, the plaintiffs argued that *McKenzie II* merely held the class action waiver was enforceable under the FAA. Therefore, the plaintiffs contended, the class action waiver's application still was a matter of contract interpretation reserved for the arbitrator.

The circuit court entered an order granting the defendants' renewed motion to compel arbitration of plaintiff Kelly's individual claims. The circuit court also granted plaintiff Reuter's and plaintiff Kelly's motion requesting referral of their remaining class action claims to arbitration.

In its order, the circuit court rejected the defendants' argument that the law of the case doctrine applied. The circuit court reasoned that *McKenzie II* upheld only "the *enforceability* of the class waiver," but did not decide "whether class arbitration is *available* under the arbitration

provision." (Emphasis in original.) As the circuit court understood *McKenzie II*:

> The sole issue before the Florida Supreme Court . . . was whether the arbitration provision's class action waiver could be invalidated based on the public policy contract defense. . . .
>
> [T]he Florida Supreme Court was never asked to interpret the arbitration provision and determine whether class arbitration was available thereunder. . . .

(Footnote omitted.)

### 4. *Our Review of the Instant Appeal*

The instant appeal followed. We have jurisdiction. *See* Fla. R. App. P. 9.130(a)(3)(C)(iv) (2015) ("Appeals to the district courts of appeal of non-final orders are limited to those that . . . determine . . . the entitlement of a party to arbitration . . . ."). Our review is de novo. *See Vernetti v. Am.-Indian Enters., Inc.,* 152 So. 3d 856, 858 (Fla. 4th DCA 2014) ("We review an order granting or denying a motion to compel arbitration *de novo.*").

The defendants argue that the circuit court's order circumvents the Florida Supreme Court's unambiguous ruling in *McKenzie II* holding that that the arbitration provision's class action waiver is enforceable. According to the defendants, because the class action waiver is enforceable, the plaintiffs cannot pursue class arbitration.

In response, the plaintiffs argue that the law of the case doctrine is inapplicable because *McKenzie II* did not rule on "the issue presented here — whether the arbitrator must enforce the class waiver or, as the trial court phrased the issue, 'whether class arbitration is *available* under the arbitration provision.'"

We hold that *McKenzie II* already has determined that the arbitration provision's class action waiver is enforceable and, therefore, permits the plaintiffs to pursue in arbitration only their individual claims.

"The doctrine of law of the case is limited to rulings on questions of law actually presented and considered on a former appeal." *U.S. Concrete Pipe Co. v. Bould,* 437 So. 2d 1061, 1063 (Fla. 1983). "Additionally, the law of the case doctrine may foreclose subsequent consideration of *issues implicitly addressed or necessarily considered* by the appellate court's

6

decision." *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 106 (Fla. 2001) (emphasis added).

The Florida Supreme Court could not have decided *McKenzie II* without first recognizing that the arbitration provision expressly prohibited class arbitration. This recognition is implicit within *McKenzie II* because the court reviewed the arbitration provision under the authority of *Concepcion*, which held that the FAA prohibited states from "'conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures.'" 112 So. 3d at 1178 (quoting *Concepcion*, 131 S. Ct. at 1744). In holding the class action waiver to be enforceable in light of *Concepcion*, the Florida Supreme Court necessarily decided that the class action waiver prohibited class arbitration.

The plaintiffs read *McKenzie II* too narrowly as holding merely that the FAA preempts invalidation of the class action waiver on public policy grounds. The Florida Supreme Court also held that the arbitration provision expressly prohibited class arbitration, thereby precluding the plaintiffs from re-litigating that issue before the arbitrator.

In sum, because the Florida Supreme Court "implicitly addressed or necessarily considered" the unavailability of class arbitration in *McKenzie II*, the circuit court was "bound to follow" the Florida Supreme Court's rulings. *Juliano*, 801 So. 2d at 106. Accordingly, we reverse the order on appeal and remand with directions for the circuit court to refer only the plaintiffs' individual claims to arbitration.[1]

*Reversed and remanded with directions.*

STEVENSON and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Based on our decision, it is unnecessary to address the parties' two remaining issues: (1) whether the plaintiffs waived any entitlement to arbitration by substantially invoking the litigation machinery; and (2) whether the availability of class arbitration is a gateway issue for judicial determination.