PER CURIAM.
Cirrus Holdings USA, LLC, appeals the denial of its motion to dismiss for failure to arbitrate the complaint filed by appellee Taylor Welch. We have jurisdiction because the order determines the entitlement of a party to arbitration. Fla. R. App. P. 9.130(a)(3)(C)(iv). Because the trial court did not determine whether arbitration was required, we reverse.
Cirrus is a medical staffing firm that places healthcare professionals in positions throughout the United States. Welch was employed by Cirrus for three years, until he resigned. He filed a complaint against Cirrus seeking to recover unpaid commissions. Welch alleged that his original, written employment contract was terminated orally when he was promoted in April 2012. He claimed that a subsequent oral agreement was formed, which Cirrus breached by failing to pay commissions. The original employment contract contained an arbitration clause.
Cirrus moved to dismiss Welch’s complaint pursuant to Florida Rule of Civil Procedure 1.140(b), for failure to comply with the arbitration clause in the original employment contract. Welch argued primarily that his claim was not subject to the arbitration clause because it arose not from the original contract, but from the subsequent oral agreement. He contended that the court was required to accept as true his allegation that the original contract was terminated orally. Cirrus argued that the original contract, by its own terms, could not have been terminated except in writing.[1] The trial court denied Cirrus’s motion to dismiss without explanation, and this appeal follows.
Section 682.03, Florida Statutes (2015), states that if one party files a motion “showing an agreement to arbitrate and alleging another person’s refusal to arbitrate pursuant to the agreement,” and the other party opposes the motion, the trial court “shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.” § 682.03(l)(b), Fla. Stat. (2015). Although *560 Cirrus filed its motion as a rule 1.140 motion to dismiss, it was clearly seeking to compel Welch to arbitrate pursuant to the original employment contract. When a party seeks to enforce- an arbitration agreement- and the motion is opposed, the trial court shall determine whether there is an enforceable agreement to arbitrate, and if so, stay the judicial proceedings and order the parties to arbitrate. See § 682.03(7), Fla. Stat. In making that determination, the court is limited to considering three elements: (1) Whether a valid written agreement to arbitrate exists; (2) Whether an arbitrable issue exists; and (3) Whether the right to arbitration was waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); Vernetti v. Am.-Indian Enters., Inc., 152 So.3d 856, 858 (Fla. 4th DCA 2014); Estate of Blanchard v. Cent. Park Lodges (Tarpon Springs), Inc., 805 So.2d 6, 8 (Fla. 2d DCA 2001).
The trial court did not decide whether an arbitration agreement existed. We reverse and remand for further proceedings. The trial court is instructed to determine whether there is an enforceable agreement to arbitrate, and if so, stay the judicial proceedings and order the parties to arbitrate.

Reversed and remanded with instructions.

CIKLIN, C.J., WARNER and KLINGENSMITH, JJ., concur.

. The parties also disputed whether the arbitration clause was unenforceable because it was inherently contradictory to a forum selection clause in the contract, although Welch seems to concede this point on appeal.