# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-298
Lower Tribunal No. 16-6507
_____

## Zenith Insurance Company,
Appellant,

vs.

## Metrobank S.A., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Greenberg Traurig, P.A., and David O. Batista and Courtney M. Keller (Fort Lauderdale) and Julissa Rodriguez and Stephanie L. Varela; Walters Levine & Lozano, and Thomas C. Valentine (Sarasota), for appellant.

Capote Law, P.A., and Susan Capote, for appellees.

Before SUAREZ, C.J., and ROTHENBERG and SALTER, JJ.

SALTER, J.

Zenith Insurance Company ("Zenith") appeals a final order denying Zenith's motion to intervene in a mortgage foreclosure case brought by the appellee/plaintiff, Metrobank, S.A. ("Metrobank"), against a group of obligors (collectively, "Welo")[1] regarding 17 properties in nine Florida counties. We affirm the order denying intervention and vacate our temporary stay in this case for the reasons which follow.

Zenith's alleged claims against certain Welo entities (and 13 of the 17 properties subject to Metrobank's mortgage liens) are based on a judgment lien entered against those entities in December 2015 for approximately $1.8 million— just before Metrobank's mortgage lien was recorded, and three months before Metrobank's foreclosure action began—and a related but subsequent judgment lien for attorney's fees for some $973,000 obtained and recorded by Zenith in December 2016.

When Metrobank commenced its foreclosure action, it joined Zenith as a defendant based on the first and larger judgment recorded by Zenith. Zenith moved to dismiss based on its alleged lien priority, and its counsel threatened sanctions under section 57.105, Florida Statutes (2016), if Metrobank persisted in its joinder of Zenith. Metrobank voluntarily dismissed Zenith from the action in May 2016.

---

[1] These entities were formerly known as companies within the "Farm Stores" group.

Metrobank filed a motion for final summary judgment of foreclosure and scheduled the motion for hearing on December 12, 2016. Zenith's second final judgment against Welo, for approximately $973,000 in attorney's fees, was entered December 1, 2016 (in Zenith's separate lawsuit). After business hours on December 11, 2016 (the day before the hearing on Metrobank's motion for a final summary judgment of foreclosure against Welo), Zenith moved to intervene in the Metrobank foreclosure case. The court granted the final summary judgment of foreclosure (for approximately $6.9 million) in favor of Metrobank but did not enter an order on Zenith's motion to intervene.

On February 9, 2017, the court heard Zenith's supplemental motion to intervene and denied it. This appeal by Zenith followed. The trial court reset the foreclosure sale for March 28, 2017. Zenith moved to expedite this appeal; we granted that motion and entered a temporary stay of the foreclosure sale pending further order of this Court.

Analysis

The trial court did not abuse its discretion in denying Zenith's motion to intervene—a motion filed only hours before the hearing scheduled on Metrobank's pending motion for a final summary judgment of foreclosure. See Fla. R. Civ. P. 1.230 (intervention to be in subordination to the main proceeding); Union Cent.

3

Life Ins. Co. v. Carlisle, 593 So. 2d 505 (Fla. 1992); Havanatur, S.A. v. 747 Travel Agency, Inc., 463 So. 2d 404 (Fla. 3d DCA 1985).

In the present case, Zenith's right to enforce the approximately $1.8 million judgment lien against Welo is unaffected by Metrobank's enforcement of its later-recorded mortgage lien. Indeed, Zenith itself sought and obtained dismissal from the action (in May 2016) based on that claim some seven months before it changed position and sought to intervene.

As to Zenith's post-mortgage judgment lien for approximately $973,000.00 in attorney's fees, Zenith has sought collection of that judgment in other proceedings,[2] and its judgment lien for that amount post-dates the lis pendens filed by Metrobank in the present case.[3] Because Zenith was initially a defendant in Metrobank's foreclosure suit, it could have counterclaimed in mid-2016 to assert that its remaining claim for attorney's fees was entitled to priority over Metrobank's lien, and it could have sought to foreclose its own allegedly-superior judgment liens against Welo and Metrobank in the case, but it did not. Zenith remains free to pursue any of its claims against Metrobank in its separately-

---

[2] On December 23, 2016, Zenith filed a separate action, still pending, against Metrobank and Welo.

[3] Zenith's judgment for its attorney's fees against Welo was entered months after the 30-day intervention deadline (following recordation of Metrobank's lis pendens) specified in section 48.23(1)(d), Florida Statutes (2016).

4

pending circuit court lawsuits, though we express no opinion regarding those claims.

Affirmed.[4]

---

[4] We have vacated our temporary stay of the foreclosure sale by separate order.