DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGELA L. DAWSON** and **ANGELA L. DAWSON, P.A.,**
Appellant,

v.

**ANTONIO HERNANDEZ,**
Appellee.

No. 4D18-1588

[March 11, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. CACE 14-024425 (21).

Michael Hursey, Fort Lauderdale, for appellant.

Kenzie N. Sadlak of Kenzie N. Sadlak, PA, Miami, for appellee.

MAY, J.

We are called upon to enforce the rules of civil procedure and to give meaning to the word "redemption." The borrower appeals a second amended final judgment in a foreclosure action. The threshold issue is whether the trial court could twice amend the final foreclosure judgment to increase the redemption amount to include appellate and post-judgment attorney's fees and costs *after* the borrower redeemed the property.[1] The answer is "no." We reverse.

The lender filed an action to foreclose a mortgage on commercial property. It then moved for summary judgment, which the trial court granted. The court entered a final judgment.

The borrower appealed. We dismissed the appeal as untimely, but conditionally granted attorney's fees to the lender. After the dismissal, but before the sale date, the borrower paid the total amount reflected in the

---

[1] There are two appellants. The P.A. is the borrower; the individual personally guaranteed the loan. We refer to them as the borrower for ease of reference.

final judgment to the Clerk of Court.  The clerk then issued a satisfaction of judgment.

Later that same day, the lender moved for post-judgment and appellate attorney's fees.  He also moved to vacate the satisfaction of judgment, disburse the court funds, and amend the original final judgment to increase the redemption amount to include the appellate attorney's fees, pursuant to Florida Rule of Civil Procedure 1.525.

The trial court granted the lender's motions, vacated the satisfaction of judgment, and disbursed the court registry funds.  The court then entered an amended final judgment, which included the amount of the original judgment and the subsequently awarded appellate attorney's fees.

Among other motions, the borrower moved for reconsideration and/or rehearing of the amended final judgment and order vacating the satisfaction of judgment.  The trial court denied the borrower's motions. The borrower then moved to set aside the court's order denying its motion for reconsideration/rehearing and the amended final judgment.

In the interim, the borrower filed several motions and requests for hearing, including a motion to cancel the foreclosure sale because the judge presiding over the case resigned.  The court canceled the foreclosure sale.

The lender petitioned for a writ of certiorari and prohibition seeking to quash the trial court's order canceling the sale and to prohibit the trial court from considering the borrower's motion to set aside.  We denied the petition without prejudice to the lender's ability to seek an increase of the redemption amount based on the "properly entered amended final judgment," citing *Verneret v. Foreclosure Advisors, LLC*, 45 So. 3d 889, 892 (Fla. 3d DCA 2010), and *Parsons v. Whitaker Plumbing of Boca Raton, Inc.*, 751 So. 2d 655, 657 (Fla. 4th DCA 1999).  The trial court denied the borrower's motion to set aside the order and amended final judgment.

The lender then moved for post-judgment attorney's fees and costs.  It argued that it incurred additional attorney's fees and costs because of the borrower's multiple post-judgment motions and hearings.  The lender argued that it was entitled to seek a second amended final judgment with an increased redemption amount that included the additional attorney's fees, plus interest, pursuant to our order dismissing the lender's petition.

The trial court entered a second amended final judgment and again increased the redemption amount to include the lender's additional

attorney's fees, interest, and costs. It did so without a hearing.

The borrower filed a renewed motion for reconsideration and/or rehearing of the amended final judgment, the order vacating the satisfaction of judgment, and the second amended final judgment. The court denied the renewed motion. The borrower now appeals.

### *Jurisdiction*

The lender argues we lack subject matter jurisdiction to review the order because the appeal is untimely. We disagree.

"An order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Fla. R. App. P. 9.020(h). However, a timely and authorized motion for rehearing tolls rendition of a final order "until the filing with the clerk of a signed, written order disposing of the last of such motions." Fla. R. App. P. 9.020(h)(1)(B), (h)(2)(A). An order is final and ripe for appeal when it completes the judicial labor of the lower tribunal. *Caufield v. Cantele*, 837 So. 2d 371, 375 (Fla. 2002).

Here, the amended final judgment materially changed the original final judgment by increasing the redemption amount. The second amended final judgment once again increased the redemption amount. The borrower's motions for reconsideration and rehearing were authorized under the Florida Rules of Civil Procedure. The appeal is timely. We have jurisdiction.[2] *See Caldwell v. Wal-Mart Stores, Inc.*, 980 So. 2d 1226, 1229 (Fla. 1st DCA 2008) ("[A] party may appeal an amended judgment that makes a material change in the original judgment, [although] the appeal is limited to the amended portions of the judgment and does not call up for review errors in the original.").

### *On the Merits*

The borrower argues the trial court erred when it vacated the satisfaction of judgment. The borrower contends that because it complied with the statutory requirements for redemption, *Sedra Family Ltd. P'ship v. 4750, LLC*, 124 So. 3d 935 (Fla. 4th DCA 2012), is controlling.

---

[2] The borrower argues the trial court erred in granting the lender's original motion for summary judgment without a hearing. We are without jurisdiction to review issues related to the original final judgment because that appeal was dismissed as untimely. *See Denny v. Denny*, 334 So. 2d 300, 302 (Fla. 1st DCA 1976).

The lender responds that: 1) Florida law provides for attorney's fees to be included in a judgment for purposes of redemption; 2) the satisfaction of judgment was erroneous because it was entered pursuant to the wrong Florida Statute—section 55.141 instead of section 45.0315; 3) the trial court had discretion to enter an amended final judgment for additional attorney's fees; and 4) the borrower's argument is moot because we previously deemed the amended final judgment "to be proper."

We review a trial court's amendment of a final judgment for an abuse of discretion. *See Baker v. Courts at Bayshore I Condo. Ass'n,* 279 So. 3d 799, 801 (Fla. 3d DCA 2019).

- *The Rules of Civil Procedure*

While a trial court has the authority to enforce its judgment, it does not have the power "absent an appropriate motion under Florida Rules of Civil Procedure 1.530 or 1.540 to modify a judgment once it becomes final." *Vargas v. Deutsche Bank Nat'l Trust Co.,* 104 So. 3d 1156 (Fla. 3d DCA 2012). Here, the trial court amended the final judgment without a motion under Florida Rule of Civil Procedure 1.530 or 1.540. Instead, the lender moved to amend the final judgment (twice) under Florida Rule of Civil Procedure 1.525.

Florida Rule of Civil Procedure 1.530(g) provides: "A motion to alter or amend the judgment shall be served not later than 15 days after entry of the judgment, except that this rule does not affect the remedies in rule 1.540(b)." Florida Rule of Civil Procedure 1.540 then provides several bases for amending a judgment: clerical mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud.[3] Florida Rule of Civil Procedure 1.525 however addresses only costs and attorney's fees.[4]

Because the trial court granted the motions and twice amended the

---

[3] The lender also argues that the satisfaction of judgment was properly vacated because it was satisfied pursuant to the wrong statutory section. Although Florida Rule of Civil Procedure 1.540 specifically provides for relief from such error, the lender failed to move to vacate the satisfaction on these grounds. Without a proper motion, the trial court lacked the authority to vacate the satisfaction of judgment. The lender is "therefore, entitled to no relief below and is entitled to no relief here." *Vargas,* 104 So. 3d at 1166.

[4] "Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party." Fla. R. Civ. P. 1.525.

final judgment without a motion under Florida Rule of Civil Procedure 1.530 and 1.540, the amended and second amended judgments must be reversed for lack of jurisdiction. *See Frumkes v. Frumkes*, 328 So. 2d 34, 35 (Fla. 3d DCA 1976) (reversing award of attorneys' fees because the trial court was without jurisdiction to modify the final judgment without authorization from a rule or statute).

- *Redemption*

The amended and second amended final judgment were also entered in error because the borrower exercised the statutory right to redemption before the lender moved for post-judgment appellate attorney's fees and costs and to amend the final judgment. The lender responds that the trial court correctly amended the final judgment because: 1) section 45.0315, Florida Statutes, provides for attorneys' fees to be included in a judgment subject to redemption; and 2) our order denying the lender's petition for writ of certiorari and prohibition indicated the amended final judgment was properly entered.[5]

Here, the borrower properly redeemed the property under Florida law. Section 45.0315 (2015), Florida Statutes, provides:

> **Right of redemption**. At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure

---

[5] Our order denied the petition "without prejudice to [the lender's] ability to seek an increase of the redemption amount based on the properly entered amended final judgment." *Hernandez v. Dawson*, Case No. 4D16-3896 (citations omitted).

The order should not be misunderstood to have put our stamp of imprimatur on the amended final judgment, nor be interpreted to allow what happened here. The cases relied on by the lender simply do not support its position. *See, e.g., Parsons*, 751 So. 2d 655 (borrower's exercise of redemption rights on the first foreclosure judgment "did not preclude the court from entering the second judgment.").

5

> incurred to the time of tender, including reasonable attorney's
> fees of the creditor. Otherwise, there is no right of redemption.

The lender argues this language provides for the inclusion of reasonable attorney's fees "incurred to the time of tender." § 45.0315, Fla. Stat. The lender's interpretation is correct. However, the borrower tendered the money prior to the award of attorney's fees. Neither the statute, nor our precedent *requires* attorney's fees to be paid to redeem the property. *See Sedra Family Ltd. P'ship*, 124 So. 3d at 936 (holding that redemption rights are not thwarted by failure to pay attorney's fees, because "[r]egardless of any demands . . . for attorney's fees or other amounts, appellants could have redeemed by paying the amount of the final judgment.").

Here, the borrower paid the Clerk of Court the full amount of the existing final judgment before fees and costs were awarded. As such, the borrower redeemed its property for the full amount contained in the original final judgment. While the goal of foreclosure is to ensure that the mortgage holder's lien is repaid, including attorney's fees, no case prevents the borrower from redeeming its property prior to an award of attorney's fees.[6] The borrower is still liable for attorney's fees and costs awarded subsequently in a separate or supplemental judgment.

Because the trial court erred in twice amending the final judgment after the borrower redeemed the property, it goes without saying that it also erred in denying the borrower's renewed motion for reconsideration and rehearing. This error was compounded by the court's failure to hold an evidentiary hearing on the attorney's fees issue. *United Bonding Ins. Co. of Indianapolis, Ind. v. Presidential Ins. Co.*, 155 So. 2d 635, 637 (Fla. 2d DCA 1963) (holding that counsel's testimony alone is insufficient to award attorney's fees). Similarly, "[t]o award costs in the absence of a written motion and evidence and without giving the opposing party the opportunity to be heard on the issue violates procedural due process." *Med. Specialists of Tampa Bay, LLC v. Kelly*, 162 So. 3d 1053, 1054–55 (Fla. 2d DCA 2015).

Here, the trial court failed to hold an evidentiary hearing on the amount of fees before it increased the redemption amount in the amended and

---

[6] The lender also argues that the borrower is barred from challenging the amended and second amended final judgment based on the law of the case doctrine. But, that doctrine does not apply to arguments that were not at issue in the prior proceeding. *See McKenzie Check Advance of Fla., LLC v. Betts*, 191 So. 3d 530, 534 (Fla. 4th DCA 2016).

6

second amended final judgment. It also erred in relying solely on the lender's affidavit to determine the amount of reasonable fees. *United Bonding Ins. Co. of Indianapolis, Ind.*, 155 So. 2d at 637.

We reverse the amended final judgment, the second amended final judgment, and the order vacating the satisfaction of judgment. We remand the case to the trial court to reinstate the satisfaction of judgment and enter supplemental judgment(s) for attorney's fees and costs.

*Reversed and Remanded.*

LEVINE, C.J., and GERBER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***